SANDIE BROWN

v.

BIERMAN, HEIDELBURG & COMPANY.

*Sales—Rescission—Fraud—Replevin to Reclaim Goods from Third Party—Evidence—Depositions in other Suits—Report to Mercantile Agency—Preconceived Intention not to Pay—Knowledge by Defendant—Father and Son.*

1. In an action of replevin to reclaim goods sold to the defendant by his son, who, it is claimed, had purchased them of the plaintiffs, " with the preconceived intention not to pay," and of which intention the defendant is alleged to have had knowledge, it is *held:* That certain depositions, taken in cases in which the defendant was not a party, to prove fraudulent repre-

sentations by the son to third persons, were improperly admitted by the court below; that the report of the son's financial condition, made by an agent to a mercantile agency, was also improperly admitted; that the evidence does not support the finding that the defendant, when he purchased, knew that his son purchased the goods in question with a preconceived intention not to pay for them; and that their relations as father and son and creditor and debtor, and certain other circumstances relied on, are insufficient to charge the defendant with knowledge of any fraudulent intention on the part of his son.

2. Fraud must be established by evidence so clear and cogent that it leaves the mind well satisfied that the charge is true.

[Opinion filed January 14, 1887.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. ALLEN, BROWN & BROWN, for appellant.

We insist that the evidence could not be stronger of the good faith of appellant in the entire transaction, and that there is really nothing in the way of imputation, or even suspicion of fraud, or knowledge or notice of the same, in this entire record against him. Such being the case, the verdict of the jury, in finding for appellees, should have been set aside by the court below. C., R. I. & P. R. R. Co. v. Dingman, 1 Ill. App. 162; Dunton v. Chamberlain, 1 Ill. App. 361; Reid v. Furness, 11 Ill. App. 645; Munson v. Farwell, 16 Ill. App. 365; Catlin v. Warren, 16 Ill. App. 418; C., R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; C., C. & I. Ry. v. Troesch, 57 Ill. 155; Davenport v. Springer, 63 Ill. 276; Schwartz v. Lammers, 63 Ill. 500; Palmer v. McAloy, 58 Ill. 24; Bonnell v. Wilder, 67 Ill. 327; C., B. & Q. R. R. Co. v. Stumps, 69 Ill. 409; St. P., F. & M. Ins. Co. v. Johnson, 77 Ill. 598; C. & A. R. R. Co. v. Rice, 71 Ill. 567.

Appellant's purchase having been made in good faith and for a valuable consideration, accompanied with possession, should have been protected. He had no participation in the fraud or misrepresentations of Charles R. Brown, even though there had been proof of such, and therefore should not have been prejudiced thereby. Brown v. Riley, 22 Ill. 45; Neece

v. Haley, 23 Ill. 416; Chaffin v. Kimball, 23 Ill. 36; Moore v. Bracken, 27 Ill. 23; Kranert v. Simon, 65 Ill. 344; Gavagan v. Bryant, 83 Ill. 376; Miller v. Kirby, 74 Ill. 242; Cole v. Cosgrove, 16 Ill. App. 167.

Messrs. SANDERS & HAYNES, for appellees.

Where a purchaser from a fraudulent vendor has knowledge of such facts as would excite the suspicions of a man of ordinary prudence and capacity, and shuts his eyes and refuses to inquire, he does not purchase in good faith, and is affected with notice of fraud upon prior creditors affected by the sale. State v. Esdell, C. & J., 6 Mo. 396.

If facts are brought to the knowledge of a party which would put him, as a man of common sagacity, upon inquiry, he is bound to inquire, and if he neglects to do so he will be chargeable with notice of what he might have learned upon examination. Bigelow on Frauds, 288; Hanchett v. Kimbark, 19 Chi. Leg. News, 61.

Although there were no fraudulent misrepresentations or false pretenses, yet the purchase of goods on credit, by one who has formed a preconceived design not to pay for them, is such a fraud as would render the sale voidable. Rowley v. Bigelow, 12 Pick. 307; Garbutt v. Bank, 22 Wis. 384; Morrill v. Blackman, 42 Conn. 324; Andrew v. Deitrich, 14 Wend. 31.

PLEASANTS, P. J. This case, in its facts, is substantially like that of Henry W. King & Co. v. Sandie Brown, of this term. [See *post*, p. 579.] Appellee's firm also sold goods to Charles R. Brown about the same time, and brought this suit against appellant to recover what remained of them after he had purchased the stock of said Charles and taken possession thereof as stated in said opinion. The result, however, was different, being in favor of the plaintiffs, and also the specific fraud relied on as the ground of their right to rescind their sale and reclaim the goods, which was that Charles purchased of them "with the preconceived intention not to pay," and the defendant of him, with knowledge of such intention. Only two instructions, both right in the abstract, were asked

on their behalf, and given: first, that if, from the evidence, the jury believed these propositions of fact, they should find for the plaintiffs; and second, that fraud may be shown by circumstances, without direct proof.   All that were asked by the defendant were also given.

There was no pretense of any fraudulent misrepresentation by Charles to plaintiffs; but to establish the different and specific fraud charged against him they attempted to show such misrepresentations to others, and for that purpose offered depositions taken by them in suits against him to which appellant was not a party, with what purport to be copies of letters between them attached to said depositions as exhibits, which were admitted over objection.

That proof of the fraud imputed to Charles was essential to a case against this defendant is clear, and if it be admitted that this might be shown by his fraudulent misrepresentations of his financial condition to others of whom he made purchases about the same time, still the proof of such misrepresentations must be made by evidence competent as against this defendant, and since he was not a privy of Charles in respect to the property in question—his title to it not depending upon the validity of Charles' title as against the plaintiffs—we do not understand upon what principle depositions taken in suits against Charles, to which he was not a party, of witnesses whom he had no right or opportunity to cross-examine, can be so regarded.   Wharton on Ev., Sec. 177.

The report of Charles' condition and standing made by the witness Warren to the Dun Mercantile Agency was objectionable for the same and other reasons.   He said it was made from his recollection of Charles' statements and information from others, and the parts were not distinguished as to their respective sources.   He did not say he had forgotten that statement or any part of it, nor that the report was made at the time of the statement and he then knew it was correct; nor that Charles had ever seen or authorized it; and so no reason is perceived why, even as against Charles, he should not have been required to testify, like other witnesses, from present recollection of facts, refreshed, if he desired it, by refer-

ence to his report as to any other proper memorandum, without admitting the report itself as evidence. But counsel did not discuss these questions and we have not thought them of sufficient importance in this case to require a careful examination.

We reverse the judgment, because in our opinion the evidence admitted was not of a character or sufficient to support the finding that appellant knew, when he purchased, that Charles intended, when *he* purchased, not to pay for these goods. The circumstances urged as justifying it, are, that they sustained the relation of father and son; that appellant loaned Charles nearly all of the capital on which he went into the business, and which all went to pay for the goods then in the store; that this fact was not made known by appellant to appellees and others of whom Charles afterward made purchases to keep up his stock; that they had occasional interviews in which there was more or less talk about the business; that after two years and a half the indebtedness of Charles for this loan was not reduced; that appellant did not sooner take measures to collect or secure it; that just before purchasing he consulted lawyers, first in St. Louis, where he resided, and afterward at Springfield, where Charles was carrying on the business, and upon advice of the latter changed his plan of taking judgment notes to that of an outright purchase, so shortly before the bills made by Charles for fall purchases matured.

Now, if it were conceded that when Charles purchased the goods in controversy he positively intended never to pay for them, which is by no means satisfactorily proved, even as against him, these circumstances would not tend to show that appellant had any knowledge of such intention, or of any fact that should have put him upon inquiry in respect to it. At most, they are no more than grounds of suspicion that he may have known it. But fraud is not to be presumed. It must be established by proof. And, as was said in Shinn v. Shinn, 91 Ill. 477, "something more than suspicions are required to establish it. The evidence must be clear and cogent, and leave the mind well satisfied that the charge is true." In the

light of the facts clearly proved on the part of appellant, and which are stated in the opinion in King & Co. v. Sandie Brown, above referred to, and apply as fully to the case of these appellees, even the grounds for suspicion, as to appellant, are shown to be unsubstantial. We find nothing in this record to overcome the presumption, to which he was entitled, that he was an honest man. His dealing with his son in all its course appears to us to have been natural and entirely consistent with good faith. The verdict was so plainly against the evidence, if not wholly without any to support it, that it ought to have been set aside and a new trial granted. For the error of the court below in refusing so to do, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*